R. DUANE FRIZELL
Nevada Bar No. 9807
*Attorneys for Plaintiff*
CALLISTER & FRIZELL
ATTORNEYS
8275 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
Telephone (702) 657-6000
Facsimile (702) 657-0065
dfrizell@callisterfrizell.com

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAM SAIHUNG LO, an Individual,<br><br>  Plaintiff,<br><br>vs.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION d/b/a FANNIE MAE; DOE DEFENDANTS 1 through 10, inclusive; and ROE ENTITIES 1 through 10, inclusive,<br><br>  Defendants. | CASE NO:   2:12-cv-01411-GMN -VCF |

**PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE AS TO WHY JASON ABRAMS PROFESSIONAL CORPORATION d/b/a ABRAMS GROUPS AT LUXURY HOMES OF LAS VEGAS SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR FAILURE TO COMPLY WITH SUBPOENA DUCES TECUM**

Plaintiff Sam Saihung Lo ("Lo") now files this Motion for an Order to Show Cause as to Why Jason Abrams Professional Corporation d/b/a Abrams Groups at Luxury Homes of Las Vegas Should Not Be Held in Contempt of Court for Failure to Comply with Subpoena Duces Tecum. In support of this Motion, Plaintiff would respectfully show the Court as follows:

**I.   INTRODUCTION AND SUMMARY OF THE ARGUMENT**

Plaintiff served a subpoena duces tecum with only five (5) document requests upon Jason Abrams Professional Corporation d/b/a Abrams Groups at Luxury Homes of Las Vegas ("Abrams Groups"). The Abrams Groups have objected to Document Request Nos. 2-3 and have obviously withheld documents responsive to those requests.

Pursuant to FRCP 26(b)(1) and other applicable authority, the Abrams Groups' objections and refusals to respond are simply inappropriate. Despite personal contact with

1

Abrams Groups' attorney and a sincere effort to resolve this dispute, Plaintiff's counsel has been unable to resolve it without Court action.

The Court should overrule all of Abrams Groups' objections to Lo's written discovery requests. In addition, it should issue an order to show cause as to why Abrams Groups should not be held in contempt of court for failure to comply with the subpoena duces tecum by refusing to produce responsive documents.

## II.   FACTUAL BACKGROUND

At the heart of this case is the real estate (residential property) located at 7950 W. Flamingo Rd. No. 2140, Las Vegas, NV 89147 (hereinafter the "Property"). Sometime prior to October 2011, pursuant to a foreclosure, Defendant Federal National Mortgage Association d/b/a Fannie Mae ("FNMA") became the title owner of record for the Property.

In about October 2011, Lo purchased the Property from FNMA. With respect to all matters and details pertaining to this purchase, Old Republic and Abrams Groups acted as the attorneys in fact and/or duly authorized agents of FNMA. In this connection, Old Republic executed a Grant, Bargain and Sale Deed. On or about October 27, 2011, escrow closed and the Property was conveyed to Lo.

The Abrams Groups was the property manager for the Property after FMNA acquired it. (*See* Affidavit of Service (filed Oct. 15, 2012) [Doc. 13] and other documents, attached hereto as ***Exhibit 1***, at ABRAMS000021-22). In addition, the Abrams Groups was FNMA's listing and seller's broker and agent for the sale of the Property. (*See id.* at ABRAMS000023-122).

Prior to the close of the escrow, FNMA never provided Lo with Form 547 of the Nevada Real Estate Division entitled Seller's Real Property Disclosure Form ("SRPD"). "Effective October 1, 2011: A purchaser may not waive the requirement to provide this form and the seller may not require a purchaser to waive this form."

Prior to the close of escrow the Abrams Groups did disclose to Lo's buyer's agent that the Property had sustained "water damage," but it mentioned nothing of mold. It also stated that the "water damage" had been completely remedied.

2

After the close of escrow, Lo learned that the Property was infested with mold. If FNMA had provided Lo with the SRPD, as it was required to do, it would have had to disclose "[a]ny previous or current fungus or mold." Prior to the close of escrow, FNMA failed to disclose the mold problem to Lo in an SRPD or in any other form or disclosure containing substantially the same information set forth in the SRPD. FNMA also failed to provide Lo with any written or other notice of the mold problem.

Unbeknownst to Lo (and not at his request), a mold inspection was conducted at the Property on or about October 13, 2011—about two weeks prior to the close of escrow. Upon information and belief, the mold inspection was requested by Old Republic and/or Abrams Groups.

The report of the mold inspection made the following conclusions: (1) "Elevated levels of Penicillium/Aspergillus were found on the Air sample taken in the Family Room, Master Bedroom and Hallway in comparison to the outdoor control sample"; and (2) "Based on the source of the water leak which started in the Master Bathroom sink supply line, MSE recommends removing all associate flooring and wall product which were affected by the flood."

It was not until about early 2012 that Lo obtained a copy of this report. Prior to escrow closing, FNMA, Old Republic, or the Abrams Groups granted the mold inspection team access to the Property, and the inspection and report were completed.

Prior to escrow closing, a neighbor of the Property also made contact with the listing agent for the Property and expressly told the agent not to sell the Property because of the mold problem.

Despite all these pre-closing events, no one ever notified Lo of the mold problem. The Property is uninhabitable, and, among other things, the floors and walls must be replaced. In this connection, non-mold-repair work that Lo has already done to the Property must be removed and replaced, such as new flooring and painting.

### III.  PROCEDURAL POSTURE

Plaintiff filed suit in this matter in state court on June 19, 2012. (Petition for Removal ex.2, at p.9 (filed Aug. 9, 2012) [Doc. 1]). FNMA filed its answer on August 9, 2012.

1  (Defendant Federal National Mortgage Association's Answer to Plaintiff's Complaint (filed
2  Aug. 9, 2012) [Doc. 2]).
3      On October 1, 2012, Plaintiff had the Abrams Groups served with a subpoena duces
4  tecum (*See* Exhibit 1, at ABRAMS000001; *see also id.* at ABRAMS000003-11). There were
5  only five (5) document requests in the subpoena. (*See id.*). A
6      The Abrams Groups initially responded to the subpoena on October 17, 2012. (*See*
7  Exhibit 1, at ABRAMS000014-17). Contrary to the subpoena, Abrams Groups initially failed to
8  provide a custodian of records of affidavit for the documents it produced; it did not produce that
9  affidavit until about December 5, 2012. (*See* Exhibit 1, at ABRAMS00018).
10      In its responses, Abrams Groups objected to Plaintiffs' Document Request Nos. 2-3 as
11  follows:

> **DOCUMENT REQUEST NO. 2.** Please produce any and all documents concerning your management of the property from January 1, 2010 to the present, including without limitation your property management file, correspondence and so forth.
>
> **RESPONSE** Deponent objects to the foregoing request, based upon the grounds that the foregoing request is over-broad and not properly tailored to lead to discoverable information. Specifically, the request asks for documents and information that are outside the possession, custody and/or control of the Deponent. The request is so broadly written to include information far beyond the scope of relevance for the present litigation. Notwithstanding the foregoing, in response to the foregoing request, please see attached documents.
>
> **DOCUMENT REQUEST NO. 3.** Please produce any and all documents and reports concerning any and all inspections (including mold inspections) of the Property from January 1, 2010 to the present.
>
> **RESPONSE** Deponent objects to the foregoing request, based upon the grounds that the foregoing request is over-broad and not properly tailored to lead to discoverable information. Specifically, the request asks for documents and information that are outside the possession, custody and/or control of the Deponent. The request is so broadly written to include information far beyond the scope of relevance for the present litigation. Notwithstanding the foregoing, in response to the foregoing request, please see attached documents.

26  (Exhibit 1, at ABRAMS000015-16). Although these responses did reference attached
27  documents, they also included objections. (*See id.*). Moreover, it is obvious that the Abrams
28  Groups did not produce responsive documents to these requests, because the documents

4

1  produced only pertained to its internal escrow/sales file for the Property. (*See id.* at
2  ABRAMS000019-122).

3  After the holidays, in a good faith effort to resolve the issues pertaining to the Abrams
4  Groups' objections and failure to produce all documents, Plaintiffs' attorney attempted to contact
5  the Abrams Groups' attorney, Charles C. Rainey, directly by telephone on the following dates:
6  January 14, 16, and 18, 2013. Plaintiff's counsel's paralegal contacted Mr. Rainey's office for
7  further follow up on January 25, 2013, but no response came. Finally, on January 30, 2013,
8  Plaintiffs' counsel was able to speak with Mr. Rainey. During a telephone conference with Mr.
9  Rainey on that date, Plaintiffs' counsel requested the following documents in response to
10 Document Requests Nos. 1-2:

   1.  The contract(s) or agreement(s) between the Abrams Groups and FNMA with respect to the management of the Property;
   2.  The maintenance records for the Property, in connection with Abrams Groups' management of the Property;
   3.  The repair records for the Property, in connection with Abrams Groups' management of the Property;
   4.  The records pertaining to the water damage and/or mold in the Property, in connection with Abrams Groups' management of the Property;
   5.  The records pertaining to the remediation work the Abrams Groups had done with respect to the water damage and/or mold in the Property;
   6.  Correspondence, e-mails, text messages, faxes, letters, call slips, and call messages regarding water damage and/or mold in the Property; and
   7.  Documents pertaining to inspections of the Property, including mold and other inspections, requests for inspections, reports, and follow up documents.

Counsel for the Abrams Groups said that he would follow up with his client and see if they would be willing to produce these documents.

5

On February 8, 2013, Plaintiff's counsel's paralegal contacted the office of the Abrams Groups' attorney to see whether, as discussed on January 30, 2013, the Abrams Groups would supplement with the documents identified above. Plaintiffs' counsel's office received no response.

In February 2013, Plaintiffs' counsel encountered some health problems, and was hospitalized. Recovery and convalescence, including additional hospital and doctor visits, continued into March 2013.

To date, Plaintiffs' counsel has had no response as to whether the Abrams Groups will supplement with the documents identified above. This Motion to now follows.

### IV.  LAW AND ARGUMENT

Federal Court promotes and adheres to liberal discovery rules. With respect to the scope of discovery in general, these rules provide, in pertinent part, as follows:

> (1) *Scope in General*. Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding *any nonprivileged matter that is relevant* to any party's claim or defense . . . . *Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence*.

FRCP 26(b)(1) (emphases added). There is no order limiting the scope of Lo's written discovery requests.

In light of the facts of this case and these liberal discovery rules, it is clear that the Abrams Groups' objections on the ground of relevance lack basis, and that there is no grounds for them to refuse to respond to Plaintiffs' document requests for subpoena. Accordingly, the Court should overrule all of the Abrams Groups' objections on this ground.

In addition, it is obvious the Abrams Groups failed to produce documents pertaining to the management of the Property, including documents regarding maintenance, repair, water damage remediation, mold, and so forth. Therefore, its objections that the discovery requests are over-broad or pertain to documents outside its possession, custody and/or control are nonsensical. Therefore, the Court should compel the Abrams Groups to provide responsive documents, including the following (as discussed by Plaintiffs' counsel and the Abrams Groups' attorney prior to the filing of this Motion and identified in Part III above):

1. The contract(s) or agreement(s) between the Abrams Groups and FNMA with respect to the management of the Property;
2. The maintenance records for the Property, in connection with Abrams Groups' management of the Property;
3. The repair records for the Property, in connection with Abrams Groups' management of the Property;
4. The records pertaining to the water damage and/or mold in the Property, in connection with Abrams Groups' management of the Property;
5. The records pertaining to the remediation work the Abrams Groups had done with respect to the water damage and/or mold in the Property;
6. Correspondence, e-mails, text messages, faxes, letters, call slips, and call messages regarding water damage and/or mold in the Property; and
7. Documents pertaining to inspections of the Property, including mold and other inspections, requests for inspections, reports, and follow up documents.

Plaintiff is requesting the Court to issue an order to show cause as to why the Abrams Groups should not be held in contempt for its refusal to produce these documents.

V. **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Sam Saihung Lo ("Lo") respectfully requests the Court as follows:

1. to grant Motion for an Order to Show Cause as to Why Jason Abrams Professional Corporation d/b/a Abrams Groups at Luxury Homes of Las Vegas Should Not Be Held in Contempt of Court For Failure to Comply with Subpoena Duces Tecum;
2. to overrule all of the objections of Jason Abrams Professional Corporation d/b/a Abrams Groups at Luxury Homes of Las Vegas ("Abrams Groups") objections to Plaintiff's document requests identified in Parts III-IV above;

7

3.     to compel Abrams Groups to provide full and complete answers and responses (including documents) to each of Plaintiff's document requests; and

4.     to grant Plaintiff all such other and further relief to which he may be entitled at law or in equity.

DATED this 20th day of March 2013.

                                      **CALLISTER & FRIZELL**
                                      8275 S. Eastern Ave., Ste. 200
                                      Las Vegas, Nevada 89123
                                      Telephone (702) 657-6000
                                      Facsimile (702) 657-0065

By: _____
     R. DUANE FRIZELL
     Nevada Bar. No 9807
     dfrizell@callisterfrizell.com
     *Attorneys for Plaintiff*

## **CERTIFICATION OF PERSONAL CONSULTATION AND SINCERE EFFORT**

    Pursuant to LR 26-7(b), the undersigned hereby certifies that after personal consultation and sincere effort to do so, counsel have been unable to resolve this matter without Court action. For details in this regard, see Part III above.

_____        3-20-13
R. DUANE FRIZELL                                  DATE
Nevada Bar No. 9807

## CERTIFICATE OF SERVICE

I hereby certify that I am a citizen of the United States and am employed in Clark County, where this mailing occurs. I am over the age of eighteen years and not a party to the within entitled action; my business address is 8275 S. Eastern Ave., Ste. 200, Las Vegas, Nevada 89123.

On March 20 2013, I served the document(s) described as *PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE AS TO WHY JASON ABRAMS PROFESSIONAL CORPORATION D/B/A ABRAMS GROUPS AT LUXURY HOMES OF LAS VEGAS SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR FAILURE TO COMPLY WITH SUBPOENA DUCES TECUM* on interested party(ies) in this action as follows:

Robin Prema Wright
Chelsea A. Crowton
Christopher L. Benner
5532 South Fort Apache Road, Suite 110
Las Vegas, NV 89148
Fax: (702) 946-1345
*Attorneys for Defendant*
*Federal National Mortgage Association*
*d/b/a Fannie Mae*

**BY ELECTRONIC SERVICE:** I served a true copy, with all exhibits, electronically on designated recipients via electronic transmission of said document(s) as provided under Federal Rules of Civil Procedure.

Charles C. Rainey
Rainey Devine, Attorneys at Law
8915 S. Pecos Road, Suite 20A
Henderson, NV 89074
*Attorneys for Jason Abrams Professional*
*Corporation d/b/a Abrams Groups*
*at Luxury Homes of Las Vegas*

**BY U.S. MAIL:** I served a true copy, with all exhibits, U.S. Mail in a sealed envelope with postage fully pre-paid addressed to the designated recipients of said document(s) as provided under Federal Rules of Civil Procedure.

R. DUANE FRIZELL
*Attorney for Plaintiff*

# EXHIBIT 1

# EXHIBIT 1