

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

SAM SAIHUNG LO, an Individual,

        Plaintiff,

vs.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION d/b/a FANNIE MAE; DOE
DEFENDANTS 1 through 10, inclusive; and ROE
ENTITIES 1 through 10, inclusive,

        Defendant.

2:12-cv-01411-GMN-VCF

**ORDER**

[Plaintiff's Motion for Order to Show Cause as to
Why Jason Abrams Professional Corporation d/b/a
Abrams Groups at Luxury Homes of Las Vegas
Should Not Be Held in Contempt of Court for
Failure to Comply with Subpoena Duces Tecum
#20]

    Before the Court is Plaintiff Sam Saihung Lo's ("Lo") Motion for Order to Show Cause as to Why Jason Abrams Professional Corporation d/b/a Abrams Groups at Luxury Homes of Las Vegas Should Not Be Held in Contempt of Court for Failure to Comply with Subpoena Duces Tecum. (#20). No Opposition was filed.

**A. Background**

    Plaintiff Lo filed his complaint in the Eighth Judicial District Court, Clark County, Nevada on June 19, 2012. (#1 Exhibit 2). On August 9, 2012, Defendant Federal National Mortgage Association removed the action to this court based on diversity pursuant to 28 U.S.C. § 1332 (#1) and filed its Answer to the Complaint (#2). On October 15, 2013, Plaintiff Lo filed an Affidavit of Service of a Subpoena Duces Tecum on the John Abrams Professional Corporation ("Abrams Groups"). (#13). On March 20, 2013, Plaintiff Lo filed the instant Motion for Order to Show Cause as to Why the Abrams Groups Should Not Be Held in Contempt of Court for Failure to Comply with Subpoena Duces Tecum (#20). No opposition was filed by either Defendant Federal National Mortgage Association or Abrams

Groups.  Upon review of the motion for order to show cause (#20), it appears that although Plaintiff Lo titled the instant motion as a "Motion for Order to Show Cause as to Why Jason Abrams Professional Corporation d/b/a Abrams Groups at Luxury Homes of Las Vegas Should Not Be Held in Contempt of Court for Failure to Comply with Subpoena Duces Tecum", in addition to the issuance of an order to show cause, Plaintiff Lo requests additional relief as follows:

1.  Overruling all of the objections of Jason Abrams Professional Corporation d/b/a Abrams Groups at Luxury Homes of Las Vegas ("Abrams Groups") objections to Plaintiff s document requests identified in Parts III-IV above; and

2.  Compelling Abrams Groups to provide full and complete answers and response (including documents) to each of Plaintiffs document requests.

*Id.* The court construed this portion of the document (#20) as a motion to compel under Fed. R. Civ. P. 37 (a), and requested that the Clerk split this motion pursuant to Special Order 109.  The motion for an order to show cause remains (#20).  The motion to compel is now docket entry (#23).  Any opposition to the motion to compel (#23) is due May 6, 2013.  Any reply is due fifteen (15) days after service of the opposition.

**A. Motion for Order to Show Cause**

**1.  Argument**

Plaintiff Lo asserts that he served a subpoena duces tecum with only five document requests upon Abrams Groups on October 1, 2012. (#20).  Lo further asserts that on October 17, 2012, Abrams Groups responded to the subpoena by producing some documents and objecting to document requests 2 and 3.  *Id.*  Plaintiff Lo asserts that his attorney attempted to resolve the issues pertaining to the objections with the Abrams Groups' attorney, but no resolution was reached.  *Id.*  Plaintiff Lo argues that this Court should overrule all of Abrams Groups' objections to Lo's written discovery requests.  *Id.* Lo also argues that the court should issue an "order to show cause as to why Abrams Groups should not

1  be held in contempt of court for failure to comply with the subpoena duces tecum by refusing to produce

2  responsive documents." *Id.*

3        **2. Discussion**

4        Plaintiff Lo seeks an order to show cause why Abrams Groups should not be held in contempt,

5  but does not provide the court with any law supporting the request to hold Abrams Groups in contempt.

6  (#20).   The only authority that Lo relies upon is Federal Rule of Civil Procedure 26(b)(1), which

7  provides for the scope of discovery in general.   Rule 26(b)(1) does not pertain to holding a non-party in

8  contempt for objecting to document requests. *See* Fed. R. Civ. P. 26(b)(1).   Neither the Federal Rules

9  nor the Local Rules of this court provide grounds for holding the Abrams Groups in contempt at this

10  time, as (1) Abrams Groups is not a party to this action, (2) the court has not ordered production of these

11  documents, and (3) Abrams Groups responded to Lo's requests.[1] *See* Local Rule IA 4-1; Fed. R. Civ. P.

12  37(b)(2)(a); Fed. R. Civ. P. 37(c)(1).   Accordingly, the court denies the motion for an order to show

13  cause (#20).

14        IT IS HEREBY ORDERED that the motion for an order to show cause as to why Abrams

15  Groups should not be held in contempt of court for failure to comply with the subpoena duces tecum

16  (#20) is DENIED.

17        IT IS FURTHER ORDERED that any opposition to the motion to compel (#23) is due by May 6,

18  2013.  Any reply is due fifteen (15) days after service of the opposition.

19  ///

20  ///

21  ///

22  ///

23        IT IS FUTHER ORDERED that the Clerk mail a copy of this Order and the motion to compel

24  (#23) to Abrams Groups' counsel at the address below:

25  ---
[1] This order should not be construed as ruling on whether Abrams Groups' objections are proper.

3

Charles C. Rainey
Rainey Devine, Attorneys at Law
8915 S. Pecos Road, Suite 20A
Henderson, NV 89074
*Attorneys for Jason Abrams Professional*
*Corporation d/b/a Abrams Groups*
*at Luxury Homes of Las Vegas*

DATED this 10th day of April, 2013.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4