**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| SAM SAIHUNG LO, an Individual, | 2:12-cv-01411-GMN-VCF |
| Plaintiff, | **ORDER** |
| vs. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION d/b/a/ FANNIE MAE; DOE DEFENDANTS 1 through 10, inclusive; and ROE ENTITIES 1 through 10, inclusive, | **(Motion To Compel Compliance With Subpoena Duces Tecum #23)** |
| Defendants. | |

Before the Court is Plaintiff Sam Saihung Lo's Motion To Compel Compliance With Subpoena Duces Tecum Issued To Jason Abrams Professional Corporation d/b/a Abrams Groups At Luxury Homes of Las Vegas (hereinafter "Abrams"). (#23). Abrams filed an Opposition (#25), and Plaintiff filed a Reply (#27).

**I.   Background**

Plaintiff filed his complaint in the underlying action against Defendants Federal National Mortgage Association d/b/a Fannie Mae; DOE Defendants 1 through 10, inclusive; and ROE entities 1 through 10, inclusive (hereinafter "Fannie Mae") in the Eighth Judicial District Court, Clark County, Nevada on June 19, 2012. (#1 Exhibit 2). Plaintiff asserts that, in selling residential property to Plaintiff, Fannie Mae and its agents withheld knowledge of a "mold infestation" affecting the property, rendering it "uninhabitable." *Id*. Plaintiff seeks, *inter alia*, damages in excess of $10,000 and recision of the property sales contract. *Id*.

On August 9, 2012, Fannie Mae removed the action to this Court based on diversity, pursuant to 28 U.S.C. § 1332 (#1), and filed its Answer to the Complaint (#2). On September 21, 2012, the parties submitted a proposed Discovery Plan and Scheduling Order. (#11). On the same day, the Court signed the Discovery Plan and Scheduling Order (#11), setting the deadline for discovery on February 2, 2013, dispositive motions on March 3, 2013, and a Proposed Joint Pretrial Order on April 8, 2013. (#12).

On October 1, 2012, Plaintiff served Abrams with a Subpoena Duces Tecum, due by October 15, 2012, in connection with the action against Fannie Mae. (#23-1). On October 15, 2012, Plaintiff filed an Affidavit of Service of the Subpoena Duces Tecum on Abrams. (#13). On October 17, 2012, Abrams served Plaintiff with its responses and objections to the Subpoena Duces Tecum. (#23-1 Exhibit A). Abrams objected to two of the Subpoena's five document requests on the grounds that they were "over-broad and not properly-tailored to lead to discoverable information. . . [by requesting] information far beyond the scope of relevance for the present litigation." *Id*.

On March 20, 2013, Plaintiff filed a Motion for an Order to Show Cause as to Why Abrams Should Not Be Held in Contempt of Court for Failure to Comply with Subpoena Duces Tecum. (#20). No opposition was filed. *Id*. On April 11, 2013, this Court denied the Motion for an Order to Show Cause (#20), and converted the document into a separate Motion to Compel Compliance With Subpoena Duces Tecum Issued to Abrams (#23), with any oppositions due by May 6, 2013, and any reply due fifteen days after service of the Opposition. (#24). On May 6, 2013, Abrams filed a Response in opposition to the Motion to Compel (#23). (#25). On May 16, 2013, Plaintiff filed a Reply in support of its Motion to Compel (#23). (#27).

**II.    Motion to Compel**

    **A.    Plaintiff's Argument**

Plaintiff asserts that the court should overrule Abrams' objections and compel it to "provide full and complete answers or responses to each of Plaintiff's document requests" because Abrams (1) "has

failed to reasonably provide the requested documentation relevant to the issues involved in the matter;" (2) has "unreasonably delayed" in producing the requested documents; and (3) has not made its "[o]bjections to the requested documentation. . . in good faith." (#27). Plaintiff contends that Abrams "seeks to hide behind the fact that it provided approximately 100 pages of discoverable information" to avoid producing documents "at the heart of this dispute." *Id*. As Abrams was "the managing agent" and "the listing agent" for the property at issue, Plaintiff believes that there was "clearly relevant information contained in all of [Abrams'] documents in reference to the Property. . . [h]owever, [Abrams] has failed to provide those documents." *Id*.

Plaintiff argues that Abrams' original response for production did not comply with the Federal Rules of Civil Procedure governing discovery as evidenced by the fact that it "was still producing 'newly found' documents even as the drafting of the Opposition to Plaintiff's Motion occurred." *Id*. Plaintiff states that, had he "not brought the present Motion, he would still not be privy to the documents 'newly' discovered and produced by [Abrams]." *Id*. Plaintiff claims that Abrams' untimely production of additional documents is an "unnecessary and unreasonable delay" occurring "almost 217 days" since the initial discovery request and implies that Abrams has not disclosed "additional relevant information vital to Plaintiff's case." *Id*.

Plaintiff cites Rule 26(b)(1) of the Federal Rules of Civil Procedure to support his assertion that his contested discovery requests were "in compliance with FRCP 45." *Id*. Plaintiff emphasizes that, under the "liberal discovery rules" of Rule 26, Abrams cannot object "to respond[ing] to Plaintiff's document requests. . . on the ground[s] of relevance" because "any nonprivileged matter that is relevant to any party's claim or defense" may be discoverable. (#23); *see* FED R. CIV. P. 26. In light of this "broadly worded rule," Plaintiff views Abrams' objections as "an attempt to evade the well founded procedures of the discovery process." (#27).

### B.     Abrams' Argument

Abrams requests that the court deny Plaintiff's Motion to Compel (#23) because (1) Plaintiff's discovery requests contained "poor wording and over-broad language" that made compliance with the requests unfeasible; (2) Rule 26(b)(1) does not allow "unlimited discovery on virtually anything;" and (3) Abrams has "fully satisfied" its duties in responding to the Subpoena Duces Tecum, pursuant to Rule 45(d). (#25). Abrams asserts that Plaintiff is engaged "in an open-ended fishing expedition," requesting documents that go "way beyond the scope of the present case and well beyond the possession. . . of [Abrams]." *Id*. The breadth of Plaintiff's discovery requests, according to Abrams, "include virtually any document, anywhere that would have anything to do with any real estate transaction that [Abrams]. . . has ever had anything to do with over the past three (3) years." *Id*.

Abrams argues that it is impossible to comply with Plaintiff's discovery requests because the language of the Subpoena includes terms like "the property," without specifically defining what these terms mean. *Id*. Abrams claims that these terminological ambiguities forced it to "guess as to what the [discovery] Request is actually seeking." *Id*. Despite asserting that it did not know what was requested by Plaintiff's Subpoena, Abrams states that it has provided "over one hundred pages of documents, accounting for nearly everything that [Abrams] possessed relating to the property that sits at the center of this case." *Id*. By providing these documents, Abrams argues that it has "fully satisfied its obligations pursuant to. . . FRCP 45," which requires "a copy of each document within [Abrams'] possession as kept in the ordinary course of business." *Id*.

Abrams contends that Plaintiff has misapplied the discovery standard established by Rule 26(b)(1). *Id*. Although Rule 26 "allows for a party to conduct discovery of evidence that may be irrelevant at trial," Abrams asserts that the rule is not a "'blank check' to force nonparties to act as [Plaintiff's] unpaid private investigators." *Id*. Abrams claims that it has met the "relevant" standard

under Rule 26 by providing "nearly every document in [its] possession. . . that had anything to do with the subject matter of the litigation." *Id*.

Abrams also argues that it did not untimely respond to Plaintiff's Subpoena and that its late disclosures were supplements to the documents it previously produced that were found during a "further investigation" of its records. *Id*. Abrams states that during a telephone conversation between its counsel and Plaintiff's counsel, it was led to believe that "no Motion [would be] forthcoming and that additional time would be allowed" for Abrams to continue its investigation to produce documents. *Id*. Abrams claims that the Motion to Compel (#23) was unexpected because its counsel's office records "show no further correspondence. . . from Plaintiff's Counsel prior to the filing of the present motion." *Id*.

### C. Relevant Law

The purpose of discovery as allowed by the Federal Rules of Civil Procedure is to provide the parties with a panoply of devices that serve "to narrow and clarify the basic issues between the parties" and to "ascertain[] the facts, or information as to the existence or whereabouts of facts, relative to those issues." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). As this Court has previously stated:

> A Rule 45 subpoena must fall within the scope of proper discovery under Fed.R.Civ.P. 26(b)(1), which limits discovery to 'any matter, not privileged, that is relevant to the claim or defense of any party in the pending action ...'" *Olde Towne Dev. Group, LLC v. Matthews*, 2009 WL 2021723, *1 (M.D.La. July 9, 2009). Relevance within the meaning of Rule 26(b)(1) is considerably broader than relevance for trial purposes. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). For discovery purposes, relevance means only that the materials sought are reasonably calculated to lead to the discovery of admissible evidence. *Id*. "If a subpoena falls outside the scope of permissible discovery, the Court has authority to quash or modify it upon a timely motion by the party served ..." *Olde Towne Dev. Group, LLC*, 2009 WL 2021723, * 1.

*WideVoice Communications, Inc. v. Qwest Communications, Inc.*, 2012 WL 1439071, *4.

Rule 45, which governs Subpoenas Duces Tecum, is thus read in *pari materia* with Rule 26, governing scope of discovery, Rule 34, governing production of documents, and Rule 37, governing sanctions for failure to cooperate with discovery. FED. R. CIV. P. 81(a)(5); *see Boeing Airplane Co. v. Coggeshall*, 280 F.2d 654, 658 (D.C. Cir. 1960); *Tiedman v. Am. Pigment Corp.*, 253 F.2d 803, 808 (4th Cir. 1958).

Although the Rules at one time had been read so as to encourage "fishing expeditions," *see Hickman*, 329 U.S. at 507, the Advisory Committee, in the 2000 Amendment to Rule 26(b)(1), narrowed the scope of discovery to "material relevant to the parties' claims or defenses," emphasizing that the parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." FED. R. CIV. P. 26. Despite these changes, "most courts which have addressed the issue find that the Amendments to Rule 26 still contemplate liberal discovery, and that relevancy under Rule 26 is extremely broad." *U.S. E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 431 (D. Nev. 2006) (citations omitted). The semantic differences between the previous iteration of Rule 26 and its amended successor should not supersede the greater purpose of discovery; "[t]hus, counsel should be forewarned against taking an overly rigid view of the narrowed scope of discovery." *Thompson v. Dep't of Hous. & Urban Dev.*, 199 F.R.D. 168, 172 (D. Md. 2001).

The courts have a duty to protect a person subject to a Subpoena from undue burden or expense. FED. R. CIV. P. 45. Under Rule 45(c)(2)(B), a non-party who has been served with a Subpoena Duces Tecum may object to the request to produce documents. *Id*. Once an objection has been raised, the non-party "is not obligated to comply with the subpoena." *Forsythe v. Brown*, 281 F.R.D. 577, 587 (D. Nev. 2012) *report and recommendation adopted*, 3:10-CV-00716-RCJ, 2012 WL 1833393 (D. Nev. May 18, 2012). "If the parties are unable to resolve their dispute, the serving party may file a motion to compel." *Id*. A non-party who objects to a Subpoena Duces Tecum for being unduly burdensome or onerous has the burden of establishing that claim by showing "the manner and extent of the burden and the injurious

consequences of insisting upon compliance with the subpoena." *See Goodman v. United States*, 369 F.2d 166, 169 (9th Cir. 1966); 9A Charles Alan Wright et al., *Federal Practice and Procedure* § 2463.1 (3d ed. 2013).

If the objecting party makes such a showing, the court will weigh the burden placed on the subpoenaed party against the prejudice that would be endured by the requesting party. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005). Factors the court considers in its evaluation include: (1) the relevance of the requested information to the action's claims or defenses; (2) "the need of the party for the documents;" (3) "the breadth of the document request;" (4) "the time period covered by" the request; and (5) "the particularity with which the documents are described and the burden imposed." *Id.* (citation omitted). At its most expansive, the court may order the subpoenaed party to produce all documents within its "care, custody, and control as those terms are defined under prevailing Ninth Circuit law." *Eastridge Pers. of Las Vegas, Inc. v. Du-Orpilla*, 2:06 CV 00776 KJD PA, 2007 WL 1232229 (D. Nev. Apr. 26, 2007). Within this circuit, "[c]ontrol is defined as a legal right to obtain documents upon demand." *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989).

### D.     Discussion

Abrams has objected to Plaintiff's Subpoena Duces Tecum on the grounds that it "imposes an onerous burden upon the nonparty [Abrams]." (#25). The burden is thus on Abrams to show how and to what extent the subpoena burdens or injures it. *See Goodman*, 369 F.2d at 169. Abrams' Opposition (#25) repeatedly expresses that Plaintiff's subpoena is overly broad; however, relatively little is written about how Abrams is actually harmed by the document requests. Central to Abrams' argument is that key terms in Plaintiff's Subpoena are undefined, including "the property" in "Examining Request No. 2" and "No. 3," and that these ambiguities prevented it from complying exactly with Plaintiff's requests. *Id*.

Although Abrams is correct that "Document Request"[1] Nos. 2 and 3 do not define "the property," Abrams fails to mention that in the immediately preceding "Document Request No. 1," Plaintiff specifically defines "the property" as "Old Republic Escrow No. 5115023013-LR for the property located at 7950 W. Flamingo Rd. #2140, Las Vegas, Nevada 89147, (the "Property") for which you were the listing seller/agent." (#23-1). The Court finds it apparent that one could easily recognize that "the property," as mentioned in subsequent "Document Requests," refers to the aforementioned property that is the subject of this action. Abrams' objection that the Subpoena is over-broad is overruled.

Abrams makes an additional argument that the requests "sought documents way beyond the scope of the present case and well beyond the possession, custody, or control of [Abrams]." (#25). These statements misapply the law and belie Abrams' assertion that it has satisfied its duties to respond to the Subpoena by providing "every document that [Abrams] had in his possession related to the property that is the subject of the present case." *Id*.

The subject of this action is a residential unit of property that had sustained water damage and had subsequently developed mold. (#23). Although Abrams is not a party to the action, as a property manager of the unit, its relationship to the action is immediate and relevant. The disputed "Document Request" Nos. 2 and 3 in Plaintiff's Subpoena seek to discover information within Abrams' control, beginning 21 months before Plaintiff purchased this residential unit, concerning the extent to which the water damage was known. (#23-1). While the Court agrees with Abrams that the scope of discovery is not infinite, the limitations imposed by the original requests are sufficiently narrow to comport with the amended language of Rule 26. *See* FED. R. CIV. P. 26.

Relying almost exclusively in its Opposition (#25) upon the argument that Plaintiff's Subpoena is broader than allowed under Rules 26 and 45, Abrams has failed to meet its burden of establishing that

---

[1] In Abrams' Opposition, what Abrams calls "Examining Requests" are actually titled "Document Requests" in Plaintiff's Subpoena. In an effort to maintain consistency through the discussion portion of this order, the Court will refer to these requests as "Document Requests."

the document requests are unduly burdensome or onerous and did not present arguments that production of the requested documents was prohibitively expensive or professionally embarrassing. The Court recognizes that Plaintiff has a legitimate need for the requested documents related to his cause of action, limited to a single unit of residential property within a three-year period, concerning the unit's water damage and Abrams' management of the unit during that period.

Abrams expresses concern in its Opposition (#25) that Plaintiff's Subpoena will "essentially enlist [Abrams] as Plaintiff's own, unpaid private investigator," in searching for documents it has never possessed. (#25). Such a demand would undisputedly be an abuse of discovery. The Court cannot impose upon and does not expect parties to perform duties beyond the scope of the Rules. When discovery requests are overreaching in their demands, the Court will construe the requests so as to adhere to the appropriate Rules; thus, where Plaintiff's requests fail to specify whose documents are to be produced, the Court will enforce the Subpoena only to the extent that the documents are within the responding party's control, as defined by the Ninth Circuit.

To illustrate how Abrams should read Plaintiff's Subpoena Duces Tecum, the Court will examine "Document Request No. 3," that states in full:

> Please produce any and all documents and reports concerning any and all inspections (including mold inspections) of the Property from January 1, 2010 to the present.

The language "any and all documents and reports" is read within the context of Rule 34(a), which explains that "*any* designated documents or electronically stored information. . . stored in *any* medium from which information can be obtained," and "*any* designated tangible things; or. . . entry onto designated land possessed or controlled by the responding party," are subject to discovery. FED. R. CIV. P. 34. (emphasis added). The language "concerning any and all inspections (including mold inspections) of the Property from January 1, 2010 to the present" designates what documents are subject to this discovery request; that is, Plaintiff is requesting that Abrams produce any documents (1) related

to the residential unit that is the subject of this action, (2) concerning any inspections (including but not limited to those conducted regarding the water damage and mold infestation) of this property, (3) that Abrams' controls or has the legal right to obtain (whether or not they are currently in Abrams' possession), and (4) dating from January 1, 2010 until today.

Having clarified Plaintiff's document requests, the Court orders Abrams to fully comply with the Subpoena Duces Tecum by supplementing its previously produced documents as is needed. Upon completion of this supplementation, Abrams must serve Plaintiff with an affidavit affirming, under penalty of perjury, that it has produced all documents requested by the Subpoena. If Abrams determines that it has already produced all documents required by this order, it must serve Plaintiff with the same affidavit affirming, under penalty of perjury, that it has produced all documents requested by the Subpoena.

Accordingly and for good cause shown,

IT IS ORDERED that Plaintiff Sam Saihung Lo's Motion To Compel Compliance With Subpoena Duces Tecum (#23) is GRANTED.

IT IS FURTHER ORDERED that:

1. Jason Abrams Professional Corporation d/b/a Abrams Groups At Luxury Homes of Las Vegas must fully comply with the Subpoena Duces Tecum, as modified herein, by June 17, 2013.

2. Upon completion of this supplementation, Jason Abrams Professional Corporation d/b/a Abrams Groups At Luxury Homes of Las Vegas must serve Plaintiff with an affidavit affirming, under penalty of perjury, that it has produced all documents requested by Plaintiff's Subpoena Duces Tecum.

3. If Jason Abrams Professional Corporation d/b/a Abrams Groups At Luxury Homes of Las Vegas determines that it has already produced all documents required by this order, it must serve Plaintiff with an affidavit affirming, under penalty of perjury, that it has produced all documents requested by the Subpoena.

DATED this 10th day of June, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE