**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

SAM SAIHUNG LO,

        Plaintiff,

vs.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, *et al*.,

        Defendants.

Case No. 2:12–cv–1411–RFB–VCF

**ORDER**

      This matter involves Sam Saihung Lo's breach of contract action against the Federal National Mortgage Association ("Fannie Mae"). Before the court is Lo's motion for case-dispositive discovery sanctions (#68[1]). Fannie Mae opposed (#69); and Lo replied (#70). For the reasons stated below, Lo's motion is granted in part and denied in part.

## BACKGROUND[2]

      In October of 2011, Sam Saihung Lo was house hunting in Las Vegas, Nevada. (*See* Compl. (#1) at ¶¶ 14, 16). He found a home at 7950 W. Flamingo Road and decided to make an offer. (*See id*.) The seller, the Federal National Mortgage Association ("Fannie Mae"), accepted. (*Id*.)

      On October 13, 2011, Fannie Mae conducted a mold inspection. (*Id*. at ¶ 25). The results were poor: "[e]levated levels of Penicillium/Aspergillus were found on the Air sample taken in the Family Room, Master Bedroom and Hallway." (*Id*. at ¶ 27). The cause: a "water leak which started in the Master Bathroom sink supply line." (*Id*.) The infestation renders the home uninhabitable. (*Id*. at ¶ 32). Walls and

---

[1] Parenthetical citations refer to the court's docket.

[2] This is an interlocutory order, these facts are stated for background purposes only, and are not binding findings. *See City of Los Angeles, HarborDiv. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.").

flooring must be replaced. (*Id.*)

Under Nevada Revised Statute § 113.150, Fannie Mae had an affirmative duty to disclose all property defects, including the mold report. (*Id.* at ¶ 37). Nonetheless, escrow closed on October 27, 2011 before the mold infestation was disclosed. (*Id.* at ¶ 19). In fact, Lo did not obtain a copy of the inspection report until early 2012. (*Id.* at ¶ 28). This action followed.

The parties are currently in the midst of discovery, which has been straining. On January 3, 2013, Lo served Fannie Mae with written discovery requests. (Pl.'s Mot. for Sanctions (#68) at 2:17–20). Fannie Mae timely responded, but only with objections. Through a series of nine stipulations and court orders, Fannie Mae's deadline to produce substantive responses to Lo's discovery requests was extended from March 4, 2014, to September 27, 2013, to October 21, 2013, to November 18, 2013, to January 20, 2014, to February 28, 2014, to April 14, 2014, to May 17, 2014, to July 15, 2014, to August 7, 2014. (*See id.* at 2–5).

On August 7, 2014, Fannie Mae produced substantive responses to Lo's interrogatories and requests for admissions. (*Id.* at 5:14–15). However, Fannie Mae's substantive responses to Lo's document requests were untimely and, Lo alleges, "woefully inadequate." (*Id.* at 5:22). On October 17, 2014, Lo contacted Fannie Mae regarding the outstanding document requests. (*Id.* at 6:4). Fannie Mae stated that it would not be supplementing its prior production. (*Id.*) At that point, 652 days had elapsed since Lo first served his discovery requests on Fannie Mae. Four days later, on October 21, 2014, Lo filed the instant motion for case-dispositive discovery sanctions. On December 9, 2014, the court held a hearing on Lo's motion. This order follows.

/// /// ///

/// /// ///

/// /// ///

2

**LEGAL STANDARD**

There are three sources of authority under which a district court can impose case-dispositive sanctions for discovery abuses: the inherent power of federal courts to levy sanctions in response to abusive litigation practices and the availability of sanctions under Federal Rules of Civil Procedure 16(f) and 37.

Rule 16(f) provides that "the court may issue any just order," including those authorized by Rule 37(b)(2)(A), in response to a party's failure to obey a pretrial order. FED. R. CIV. P. 16(f)(1)(C). If sanctions are awarded under Rule 16(f), "the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance," unless the noncompliance was substantially justified or other circumstance make an award of expenses unjust. FED. R. CIV. P. 16(f)(2).

Rule 37(b)(2)(A) provides for additional sanctions. It states: "[i]f a party . . . fails to obey an order to provide or permit discovery," the court may: (i) direct that the matters in the order or other designated facts be taken as established; (ii) prohibit the disobedient party from supporting or opposing designated claims or defenses; (iii) strike pleadings; (iv) stay proceedings; (v) dismiss the action in whole or in part; (vi) render default judgment against the disobedient party; or (viii) treat the disobedient party's failure to obey the court order as contempt. FED. R. CIV. P. 37(b)(2)(A). Rule 16 sanctions exist "to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (emphasizing that a case management order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.").

When deciding whether to impose the "harsh penalty" of case-dispositive sanctions, courts in the Ninth Circuit apply a five-factor test. *See Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991) (per

curiam) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 96 (1976) (per curiam). The district court must evaluate: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. District courts have discretion to impose the extreme sanction of dismissal if there has been "flagrant, bad faith disregard of discovery duties." *Wanderer v. Johnston*, 910 F.2d 652, 655–56 (9th Cir. 1990).

**DISCUSSION**

Lo argues that case-dispositive sanctions should be imposed for three reasons: Fannie Mae (1) refuses to withdraw its objections; (2) refuses to provide responsive material; and (3) admitted that Lo cannot oppose Fannie Mae's pending motion for summary judgment without additional discovery. (Doc. #68 at 1–2). The court disagrees. In addition to the availability of less drastic sanctions, Lo failed to argue that case-dispositive sanctions are warranted under the controlling law.

Additionally, as discussed during the court's hearing, sanctions are not warranted because discovery—albeit straining—is ongoing and Fannie Mae has demonstrated a willingness to complete discovery.[3] Therefore, Fannie Mae is ordered to comply with the court's previous order (Doc. #65) and amend or supplement discovery responses in the following six ways.

First, Fannie Mae is ordered to withdraw all objections, including its objection to Interrogatory 12. (*See* Doc. #65) (ordering Fannie Mae, by stipulation of the parties, to withdrawn all objections).

Second, Fannie Mae is ordered to provide substantive answer to Interrogatory Four. Interrogatory Four states: "Please state all the legal theories and, in general, the factual basis of your claims or defenses." Fannie Mae answered: "Please see the pending Motion for Summary Judgment and all pleadings." This

---

[3] In fact, Fannie Mae stated during the court's December 9, 2014 hearing that it will not object to this court's order compelling supplemental responses.

is insufficient. Federal Rule of Civil Procedure 33(b)(3) governs answers to interrogatories. It states that "[e]ach interrogatory must . . . be answered separately and fully in writing." Rule 26(b)(2)(C)(i) permits the court to limit discovery if it "can be obtained from some other source that is more convenient." Here, Fannie Mae could have contended that it would be more convenient to refer Lo to the Motion for Summary Judgment and "all pleadings" rather than require Fannie Mae to rewrite each statement in an answer to an interrogatory. The court agrees in theory, but not in fact. Fannie Mae's blanket statement, "see the pending Motion for Summary Judgment and all pleadings," failed to direct Lo to the specific paragraphs in the pleadings or Motion for Summary Judgment that are responsive to Lo's request. This is what Rule 33(b)(3) required.

Third, Fannie Mae is ordered to amend its answer to Lo's Second Request for Admission by either admitting or denying the request, if Lo first provides Fannie Mae with a translation of the relevant documents.

Fourth, Fannie Mae is ordered to supplement its responses to Lo's 25th, 28th–30th, and 34th–36th Requests for Admission by complying with Federal Rule of Civil Procedure 36(a)(4) and tracking the relevant language.

Fifth, Fannie Mae is ordered to supplement its responses to Lo's 37th–39th Requests for Admission by stating the facts, documents, or information that Fannie Mae provided to Lo that provided a basis for Fannie Mae's contention that Lo knew or should have known about the mold.

Sixth, Fannie Mae is ordered to supplement its responses to Lo's 9th–15th Requests for Production by providing the relevant BATES numbers.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Sam Saihung Lo's Motion for Sanctions (#68) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Fannie Mae AMEND its discovery responses as outline above by January 7, 2015.

IT IS FURTHER ORDERED by STIPULATION of the parties that Sam Saihung Lo's opposition to Fannie Mae's Motion for Summary Judgment is due February 6, 2015.

IT IS FURTHER ORDERED that Sam Saihung Lo's Motion to Extend (#67) is DENIED as moot.

IT IS SO ORDERED.

DATED this 9th day of December, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE